UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KJ Island Investments – Phoenix and KJ Island Investments | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.: |
| Versus | ) ) | Division: |
| American Bankers Insurance Company of Florida | ) ) ) | Judge: |
| | ) | Mag. Judge: |
| Defendant. | ) | |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, KJ Island Investments - Phoenix and KJ Island Investments ("KJ Island"), who file this Complaint on the grounds set forth below:

**Jurisdiction and Venue**

1. This action arises as a result of the Defendant's denial of KJ Island's flood insurance claims under the National Flood Insurance Act of 1968, as amended ("NFIA"; 42 U.S.C. § 4001 *et seq.*), the Federal Emergency Management Agency's ("FEMA") regulations, and federal common law.

2. This breach of contract action involves breaches of Standard Flood Insurance Policies ("SFIPs"), General Property Forms, 44 C.F.R. Pt. 61, Appx. A(2) that the Defendant sold to KJ Island pursuant to the NFIA.

3. This Court has original, exclusive jurisdiction over this matter pursuant to 42 U.S.C. § 4072. In addition, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 because the interpretation of the SFIP, a federal regulation, creates numerous, substantial federal questions.

1

4.      The properties made the basis of this action are all located at 337 N. Alister Street, Port Aransas, TX 78373 (the "subject properties") which is located in the Southern District of Texas. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) and 42 U.S.C. § 4072.

## Parties

5.      KJ Island, also known as KJ Island Investments – Phoenix and KJ Island Investments is domiciled within the Southern District of Texas. At all relevant times KJ Island owned the properties located at and commonly identified as 337 N. Alister Street, Port Aransas, TX 78373.

6.      The Defendant, American Bankers Insurance Company of Florida (the "Company"), is a private insurance company authorized to and doing business in Texas. Defendant is appearing as a Write-Your-Own ("WYO") National Flood Insurance Program ("NFIP") carrier under the authority of the NFIA. Pursuant to 44 C.F.R § 62.23(d) and (i)(6), Defendant is responsible for adjusting, settlement, payment, and defense of all claims arising from flood insurance policies. The Company is authorized to do and does business in the State of Texas.

## Background Facts

7.      The Company sold the following SFIPs to KJ Island:

  1.    Policy number 87053319542016 having Building coverage in the amount of $430,000.00 subject to a deductible of $5,000.00 and contents coverage in the amount of $100,000.00 with a deductible of $5,000.00.

  2.    Policy number 87053319522016 having building coverage in the amount of $125,000.00 with a deductible of $5,000, insuring "Unit A&B."

  3.    Policy number 87053319502016 having building coverage in the amount of $100,000.00 with a deductible of $5,000, insuring "Unit C."

4. Policy number 87053319562016 having building coverage in the amount of $60,000.00 with a deductible of $5,000, insuring "Unit D."

5. Policy number 87053319472016 having building coverage in the amount of $100,000.00 with a deductible of $5,000, insuring "E1 and E2."

6. Policy number 87053319482016 having building coverage in the amount of $125,000.00 with a deductible of $5,000, insuring "F1 and F2."

*See*, Exhibit 1. The SFIPs are set forth at 44 C.F.R. Pt. 61, Appx. A(2) and are incorporated herein by reference. KJ Island had paid all necessary premiums, and the SFIPs were in full force and effect during its term and at all relevant times on the date of the flood loss.

8. The SFIP issued to KJ Island covered flood damage to the subject properties for the dwelling and other structures described under Coverage A; Contents under Coverage B (Policy 87053319542016) ; debris and loss avoidance measures as described under Coverage C; and costs incurred to comply with state or local flood plain management laws or ordinances as described under Coverage D (also known as Increased Cost of Compliance or ICC). This lawsuit specifically does not seek any claim under Coverage D.

9. On or about August 25, 2017, Hurricane Harvey began impacting the Texas coast causing widespread, devastating, long-duration flooding (the "Flood") throughout much of southeast Texas, and ultimately flooding KJ Island's buildings and contents.

10. As a direct and proximate result of the Flood, KJ Island suffered direct physical loss to the subject properties. KJ Island's buildings and contents were inundated with contaminated floodwaters for several days causing physical changes and damages directly by and from flood to the subject properties. KJ Island has incurred and continues to incur significant expenses to restore the properties to pre-flood condition.

11.     KJ Island timely notified the Company of these flood insurance losses, as required by Article VII.J.1. of the SFIPs.

12.     The Company hired and sent an adjuster to KJ Island's buildings to inspect the properties, prepare damage estimates and Proofs of Loss, and to make adjustment recommendations, subject to the approval of the Company.

13.     The Company and the adjuster prepared damage estimates and Proofs of Loss, but they chose to not comply with the provisions and requirements of the SFIPs and FEMA's rules, regulations, guidance, and Adjuster Claims Manual.

14.     KJ Island felt forced to sign and submit the Proof of Loss statements to the Company based upon the insurance adjuster's inspection and report of the subject properties in order to receive initial damage assessment payments.

15.     Ultimately, KJ Island realized that numerous flood damaged items had been omitted and/or significantly underpaid by the Company.

16.     Because the adjuster's Proofs of Loss and the Company's payments based upon them were deficient and failed to adequately compensate KJ Island for all covered losses, KJ Island retained independent experts to evaluate the extent of the flood losses caused by and from flood.

17.     The experts found conclusive evidence that the Flood critically damaged KJ Island's covered properties in an amount and scope far greater than found by the Company's adjuster.

18.     As such, KJ Island disagreed with and refused to accept the original amounts allowed by the Defendant upon the claims.

19.     KJ Island objected to the estimates and payments by Defendant on the following grounds: the Defendant's estimates and payments did not include or detail the full scope of covered damages and necessary repairs; damaged items were omitted or missing; the adjuster chose to use incorrect

and/or inadequate pricing which did not accurately reflect the true cost of repairs unique to KJ Island's properties and community; and, the adjuster chose to use inappropriate and/or inadequate methods of repair.

20. The covered damages were thoroughly documented by the experts retained by KJ Island, and valid and timely Proofs of Loss with supporting documentation, including specifications of the damaged buildings and detailed repair estimates, were submitted to the Company for review, as required by Article VII.J.4.

21. The Company chose to not make any effort to agree on the scope of damages; chose to not make a determination regarding missing items; chose to ignore the pricing submitted in KJ Island's estimates, which was prepared by a qualified professional using industry standard software; and chose to not review its own estimates for improper methods of repair used by its adjuster. The Company refuses to consider any additional payments or take any action on KJ Island's Proofs of Loss and estimates until KJ Island produces receipts of "incurred" or "accrued" costs. There is no provision in the SFIP which requires the insured to make repairs.

22. By failing to make any effort to reach agreement on the scope of damages and pricing with KJ Island, Defendant has deprived KJ Island of the right to appraisal under the SFIP, Art. VII.P. The Company's choice not to consider KJ Island's estimates and identifying the items it disputes or denies also denies KJ Island of the right to appeal to FEMA. At this time, KJ Island has no other alternative but to file suit to collect the amounts due under the SFIPs.

23. KJ Island complied with all conditions precedent within the SFIPs prior to filing this lawsuit, including, but not limited to, timely notifying the insurance company of the losses and submitting timely Proofs of Loss.

24. Despite receipt of the documentation evidencing the Company's substantial underpayment, Defendant has delayed and denied these claims, which are due and owed under the SFIPs.

## The WYO Company's Duties

25. The Company entered into the Financial Assistance/Subsidy Arrangement (the "Arrangement") with FEMA, which authorizes the Company to issue SFIPs, and the "Company shall investigate, adjust, settle and defend all claims or losses arising from policies issued under this Arrangement." Art. II.F.

26. The Arrangement states that the "Company shall comply with written standards, procedures, and guidance issued by FEMA or FIA relating to the NFIP and applicable to the Company." Art. G.1.

27. Further, the "Company is solely responsible for its obligations to its insured under any policy issued pursuant hereto, such that the Federal Government is not a proper party to any lawsuit arising out of such policies." Art. XVI.

28. Federal regulations set out the procedures to be used by WYO companies, such as Defendant. 44 C.F.R. Section 62.23(i) states in pertinent part:

> (1) WYO companies will adjust claims in accordance with general company standards, guided by NFIP Claims manuals. The Arrangement provides that claim adjustments shall be binding upon the FIA.
>
> (2) The WYO Company may use its staff adjusters, independent adjusters, or both. It is important that the Company's Claims Department verifies the correctness of the coverage interpretations and reasonableness of the payments recommended by the adjusters.
>
> ***
>
> (4) The normal catastrophe claims procedure currently operated by a WYO Company should be implemented in the event of a claim catastrophe situation. Flood claims will be handled along with other catastrophe claims.
>
> ***
>
> (10) The customary content of claim files will include coverage verification, normal adjuster investigations, including statements where necessary, police

6

reports, building reports and investigations, damage verification and other documentation relevant to the adjustment of claims under the NFIP's and the WYO Company's traditional claim adjustment practices and procedures. The WYO Company's claim examiners and managers will supervise the adjustment of flood insurance claims by staff and independent claims adjusters.

29. The SFIP at 44 C.F.R. Pt. 61, A(2), Article VII.M states that the carrier "will adjust all losses with you. … Loss will be payable within 60 days after we receive your proof of loss … and: a. We reach an agreement with you; b. There is an entry of valid judgment; or c. There is a filing of an appraisal award with us, as provided in VII.P."

30. Courts have held that interpretation of the SFIP should be "uniform throughout the country and that coverage should not vary from state to state." *C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co.*, 386 F.3d 263, 267 (3d Cir. 2004).

31. Despite FEMA's extensive rules, detailed regulations, and guidance, this Company has either failed to establish general company standards or has failed to fully comply with FEMA's rules and regulations resulting in an adjustment that omitted covered items and undervaluing other covered items.

32. Defendant's adjustments were based upon the arbitrary and capricious application of some of FEMA's rules, regulations and guidance, which created a disparate impact on KJ Island under the NFIP.

33. As will be shown at trial of this matter, the Company chose not to comply with the written standards, procedures, and guidance issued by FEMA, which in turn directly and unfairly impacted the adjustment of KJ Island's flood claims resulting in gross underpayment under the SFIPs.

**Breach of Contract**

34. KJ Island re-alleges and incorporates each and every allegation set forth above as if set forth fully herein.

35.     This is an action for damages as a result of the Company's breach of the SFIPs, insurance contracts.

36.     KJ Island and the Company entered into insurance contracts when KJ Island purchased from the Company the above referenced SFIPs, for the subject properties.

37.     The SFIPs, at all times relevant, provided flood insurance coverage to KJ Island for, among other things, physical damages to the subject properties caused by or from flood.

38.     Beginning on or about August 25, 2017, KJ Island's buildings and contents flooded for an extended period of time. The Flood physically changed and damaged the subject properties.

39.     KJ Island fully performed under the contract by having paid all premiums when due, satisfying all SFIP requirements, including but not limited to Articles VII.J, and VII.R, and cooperating with the Defendant and its adjuster.

40.     KJ Island complied with all conditions precedent to recovery, including but not limited to timely notification of the flood loss and submitting complete Proofs of Loss with supporting documentation.

41.     The Company materially breached the SFIPs when it wrongly failed to pay KJ Island for all covered damages caused directly by and from Flood. Further, the Company breached the SFIPs when it failed to pay for covered but omitted flood damaged items and when it underpaid numerous flood damaged items in the subject properties. Moreover, the Company breached the contract of insurance when it failed to perform other obligations it owed KJ Island under the SFIPs.

42.     By virtue of its various breaches of contract, including the choice not to pay KJ Island for KJ Island's covered losses, the Company is liable to and owes KJ Island for the actual damages KJ Island sustained as a foreseeable and direct result of the breaches of contract and all costs

associated with recovering, repairing, and/or replacing the covered, flood damaged property in accordance with the SFIPs, together with all costs, expenses, and relief as allowed by law.

## Prayer for Relief

**WHEREFORE**, KJ Island, prays that after due proceedings are heard, that this Court entered Judgment in favor of KJ Island and against the Defendant for all amounts that KJ Island proves at trial of this matter for damages due to the Defendant's breach of the insurance contracts, and for cost, expenses, and other relief that this Honorable Court may deem just and proper.

Respectfully submitted,

**PANDIT LAW FIRM, L.L.C.**

BY: */s/ Phillip N. Sanov*
PHILLIP N. SANOV, Tx. Bar No. 17635950
RAJAN PANDIT, La. Bar No. 32215
      Fed. ID 1070660
JOHN D. CARTER, La. Bar No. 24334
      Fed. ID 1058771
One Galleria Tower
2700 Post Oak Blvd., 21st Floor
Houston, TX 77056
Telephone:   (800) 615-3046
Facsimile:   (504) 313-3820
Email:   psanov@panditlaw.com
COUNSEL FOR KJ ISLANDS